# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID W. LINDER,**<br><br>Plaintiff,<br><br>v.<br><br>**EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,**<br><br>Defendant. | Case No. 1:16-cv-02039 (TNM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff David W. Linder, appearing *pro se*, filed this action under the Freedom of Information Act ("FOIA") to compel the Executive Office for United States Attorneys ("EOUSA") to produce the "evidence book," which he characterizes as "essentially trial exhibits" used during his criminal trial. Compl. 1, 3. Mr. Linder's subsequent filings reiterate his focus on "the evidence book." *See* Traverse to Gov't Return, ECF No. 13; Pl.'s Mot. for Summary J. on the Pleadings, ECF No. 17. The EOUSA filed a motion for partial summary judgment that goes well beyond the scope of Mr. Linder's claim. *See* Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Partial Summary J. ("Def.'s Mot. for Summary J."), ECF No. 21 (seeking judgment on all but one of 12 FOIA requests submitted between 2014 and 2017).[1] Because the agency's affidavits do not sufficiently explain the adequacy of the search methodology or why the exemptions claimed are proper, the Court will hold the EOUSA's motion in abeyance pending more fulsome explanation. Mr. Linder's pending "Motion for

---

[1] The EOUSA's memorandum describes 12 FOIA requests whereas the accompanying Statement of Material Facts as to Which There is No Genuine Dispute ("SOMF") describes 17 requests. *Compare* Def.'s Mot. for Summary J. 7-12 *with* Def.'s SOMF 3-18, ECF No. 21.

Summary Judgment on the Pleadings," ECF No. 17, will be denied as moot given the Court's reliance on the summary judgment record. *See Langley v. Napolitano*, 677 F. Supp. 2d 261, 263 (D.D.C. 2010) (noting that "the standards for review are the same" on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and on motion to dismiss under Rule 12(b)(6)); Fed. R. Civ. P. 12(d) (requiring summary judgment analysis when "matters outside the pleadings are presented to and not excluded by the court").

## I. BACKGROUND

A federal jury in the Eastern District of Virginia convicted Mr. Linder "of all twenty-seven counts of the indictment against him," consisting of various drug distribution offenses and related charges. *United States v. Linder*, 200 Fed. App'x 186, 187 (4th Cir. 2006). Mr. Linder's conviction and sentence, including a life sentence on a drug conspiracy count, were affirmed. *Id*.

Between 2014 or earlier and 2017, Mr. Linder submitted dozens of FOIA requests to the EOUSA for various records pertaining to his and others' criminal prosecutions. *See* Def.'s SOMF ¶¶ 1-98.[2] His current complaint does not reference any request number(s) in particular, but describes his action as seeking "essentially trial exhibits," which he believes is contained within an "evidence book," and includes "a number of PowerPoints, CV's and of great interest, a photocopy of Ex 800, an Express Envelope, alleged to have carried substances from Nevada to New York." Compl. 1, 3. He also believes that he previously paid $70 for the duplication of these requested documents. *Id.* at 1-2.

---

[2] The EOUSA's motion for summary judgment alleges that Mr. Linder submitted approximately 21 requests between 2013 and 2017, but its Statement of Material Facts only lists 17 requests submitted between 2014 and 2017. Attached to Mr. Linder's complaint is a letter from the EOUSA referencing other FOIA request numbers that appear to date back to 2010. *See* Compl. 3. Mr. Linder also states that his "FOIA request[s] from 2010 to 2014 were 'shelved.'" *Id.* at 2.

2

Of the requests described in the EOUSA's motion and accompanying affidavit, two pertain to an "evidence book." Request 2014-03816, submitted by letter on July 28, 2014, sought "the cost to copy the evidence book with all of the entered exhibits." Decl. of Tricia Francis ("Francis Decl.") Ex. G, ECF No. 21-3; *see also id*. ¶ 17. On September 10, 2014, the EOUSA informed Mr. Linder that a search of the U.S. Attorney's Office for the Eastern District of Virginia "revealed no responsive records." *Id*. Ex. I; *see also id.* ¶ 21.

Request 2015-02765, submitted by letter on May 7, 2015, requested the "Evidence Book" which he stated to be "[a]pproximately 120 pages." *Id.* Ex. X, ECF No. 21-4; *see also id*. ¶ 51. On September 3, 2015, the EOUSA informed Mr. Linder that the Eastern District of Virginia "estimate approximately 1,500 pages of potentially responsive records have been located" but as the search was ongoing, they did not know "how many total responsive pages would be found." *Id.* Ex. Z; *see also id.* ¶ 54. The EOUSA estimated the duplication cost for the 1,500 pages to be $70, and asked Mr. Linder to agree to pay the fee or select another option set out in the letter. *Id.* Ex. Z. By a form signed on September 10, 2015, Mr. Linder requested that the search be discontinued, the first 100 pages be released, and the request be closed. *Id*. Ex. AA.

Mr. Linder filed his complaint on October 12, 2016.[3] On February 13, 2017, during the course of this litigation, the EOUSA informed Mr. Linder that his request number 2015-02765 had been processed and released in full 453 of 502 responsive pages. It released the remaining 49 pages in part, withholding information under FOIA exemptions 6 and 7(C). Traverse to

---

[3] Mr. Linder is deemed to have exhausted his administrative remedies as he filed suit before the agency's response. *See* 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(6)(C)(i) (requiring the agency to respond to the request within 20 working days, and the lack thereof constituting exhaustion of administrative remedies); *see also Pollack v. Dep't of Justice*, 49 F.3d 115, 119 (4th Cir. 1995) ("But the fact that further agency activity was taking place on [plaintiff']s FOIA request while his enforcement action was pending in court did not require [plaintiff] to appeal administratively each agency determination").

Resp't's Opp. to Pl.'s Mot. for Summary J. 21, ECF No. 30; *see also* Francis Decl. ¶ 57. On April 10, 2017, EOUSA received a letter from Mr. Linder, stating: "The release looks to be the first half. When can I expect the second half of the evidence?" *Id.* Ex. BB, ECF No. 21-4; *see also id.* ¶ 58. The record contains no reply to Mr. Linder's inquiry.

## II. LEGAL STANDARD

FOIA requires federal agencies to "disclose information to the public upon reasonable request unless the records at issue fall within specifically delineated exemptions." *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 365-66 (D.C. Cir. 2008); *see also* 5 U.S.C. § 552(a)(3)(A) (records sought must be "reasonably describe[d]"). In FOIA cases, the district court reviews the record *de novo*, 5 U.S.C. § 552(a)(4)(B), and views the facts and draws all inferences "in the light most favorable to the requester." *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

The "vast majority" of FOIA cases can be decided on motions for summary judgment. *See Brayton v. Office of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011). To prevail on summary judgment, the movant must show an absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This means that an agency must demonstrate that no material facts are in dispute, that it has conducted an adequate search for responsive records, and that each responsive record has either been produced to the requestor or is exempt from disclosure. *See Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980). To demonstrate an adequate search, an agency can submit a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby v.*

4

*U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Although agency declarations are given "a presumption of good faith," *SafeCard Servs. Inc.* v. *S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), they must also describe the agency's search with "specificity." *Reporters Comm. for Freedom of the Press & Assoc. Press v. FBI*, 877 F.3d 399, 403 (D.C. Cir. 2017).

Agencies also have the burden of demonstrating that the withheld document falls into one of the enumerated exemptions. 5 U.S.C. § 552(a)(4)(B); *see also Natural Res. Defense Council, Inc. v. Nuclear Regulatory Comm'n*, 216 F.3d 1180, 1190 (D.C. Cir. 2000). This includes providing a sufficiently detailed description of the exemption, the portion(s) of documents to which it applies, and justification as to why the exemption is relevant, such that the district court can conduct a *de novo* review of the agency's determination. *See Church of Scientology of Cal, Inc. v. Turner*, 662 F.2d 784, 786 (D.C. Cir. 1980); *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C Cir. 1977). In summary:

> If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone.

*ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011).

### III. ANALYSIS

I begin with a few factual clarifications. First, Mr. Linder's complaint only pertains to the "evidence used against [him]" at trial and seeks release of "trial exhibits" contained within an "evidence book." Compl. 1-3. As previously described, only two of the requests for which the EOUSA seeks summary judgment pertains to an "evidence book": requests 2014-03816 and 2015-02765. *See* Def.'s SOMF ¶¶ 12-16, 46-54. His other FOIA requests on which the EOUSA

seeks summary judgment pertain to, among others, drug analyses by the Drug Enforcement Administration, a particular CD, witness fees, correspondence between him and the presiding judge in his criminal case, and documents in other criminal cases. *See* Def.'s SOMF ¶¶ 17, 41, 55, 58, 64. These other requests are not part of his current claim pending before this Court.

Second, contrary to Mr. Linder's assertion that he "pre-paid" $70 for the release of the "evidence book," it does not appear that the EOUSA charged him for duplication of the 502 pages released to him through request 2015-02765. Francis Decl. ¶ 56 n.7 (explaining that requestors are entitled to their first 100 pages free and that the Department of Justice does not assess fees for amounts $25 or less; as the remaining 402 pages, at five cents a page, did not meet the minimum fee amount, all 502 pages were provided free of charge). While it is undisputed that Mr. Linder previously paid a $70 fee, it was not for request 2015-02765.[4]

With respect to Mr. Linder's request 2014-03816 for "the cost to copy the evidence book with all of the entered exhibits," *id.* Ex. G, the Court finds this request moot in light of the EOUSA's response to request 2015-02765 and the Government's assertion that its production of 502 pages were provided to Mr. Linder free of charge.

With respect to request 2015-02765, the EOUSA has not met its burden to demonstrate that it conducted an adequate search for responsive records, or to explain why its redactions are proper. *See Weisberg*, 627 F.2d at 368; *Church of Scientology*, 662 F.2d at 786. The Francis Declaration merely recounts that the Eastern District of Virginia initially "found approximately 1,500 pages of records that may be responsive to [Mr. Linder's] request" and then "provided

---

[4] Mr. Linder refers to the $70 fee in relation to a "notice" dated February 20, 2014. Compl. 1-2. The record shows that, by letter dated February 20, 2014, the EOUSA informed Mr. Linder that $70 in search fees would be assessed for requests 2010-2704, 2012-1658, 2012-4989, 2012-5049, and 2013-2187. Traverse to Resp't's Opp. to Pl.'s Mot. for Summary J. 18, ECF No. 30.

EOUSA with 502 pages of records to review." Francis Decl. ¶¶ 54, 56. A declaration by the FOIA point of contact for the Norfolk branch office of the United States Attorney's Office for the Eastern District of Virginia similarly recounts, in summary fashion, that the office conducted a search and identified approximately 1,500 pages potentially responsive to Mr. Linder's request, after which the office provided the EOUSA with 502 pages of responsive records. Declaration of Cheryl Root ¶¶ 25-29, ECF No. 21-7. The declarations do not "set[] forth the search terms and the type of search performed, [or] aver[] that all files likely to contain responsive materials [to plaintiff's request] were searched." *See Oglesby*, 920 F.2d at 68. The declaration also does not specify why the district's initial estimate of 1,500 pages potentially responsive to Mr. Linder's request resulted in providing 502 pages—a third of the initial estimate—to the EOUSA (which were subsequently provided to Mr. Linder). The declaration's lack of "specificity" is insufficient to merit summary judgment. *See Reporters Comm.*, 877 F.3d at 403.

Similarly, the EOUSA offers no explanation as to why its redactions are proper under exemptions 6 and 7(C). Although the EOUSA dedicates several pages to describing the exemptions generally, Def.'s Mot. for Summary J. 14-18, it does not justify why the exemptions are relevant and warranted as to the 49 pages released with redactions. Indeed, the agency's entire explanation consists of, "[o]n February 13, 2017, EOUSA, by way of a letter, informed the Plaintiff of the disposition of his FOIA request and fully released 453 pages and partially released 49 pages to the Plaintiff pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA." *Id.* at 18; *see also* Francis Decl. ¶ 57 (containing identical language). This is far below the explanation required under this Circuit's standards. *See Church of Scientology*, 662 F.2d at 786.

For the foregoing reasons, it is hereby

**ORDERED** that the EOUSA's Motion for Partial Summary Judgment is HELD IN ABEYANCE and

**ORDERED** that Mr. Linder's Motion for Judgment on the Pleadings is DENIED as moot. It is further

**ORDERED** that by **July 6, 2018**, the EOUSA shall submit a supplemental declaration addressing whether all records responsive to request number 2015-02765 have been released, and release them if not or explain why they cannot be released; and explaining why its search and exemptions were proper under the law. Mr. Linder shall file a response by **August 10, 2018**.

Dated: June 11, 2018

TREVOR N. MCFADDEN
United States District Judge