**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |  |
|---|---|
| DAVID W. LINDER, <br><br> Plaintiff, <br><br> v. <br><br> EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, <br><br> Defendant. | Case No. 1:16-cv-02039 (TNM) |

## MEMORANDUM OPINION

Plaintiff David W. Linder, appearing *pro se*, filed this action under the Freedom of Information Act ("FOIA") to compel the Executive Office for United States Attorneys ("EOUSA") to produce his "evidence book," which he characterizes as "essentially trial exhibits" used during his criminal trial. Compl. 1, 3. Because Mr. Linder's subsequent filings reiterated his focus on "the evidence book," *see* Traverse [sic.] to Gov't Return, ECF No. 13, the Court determined that EOUSA's sweeping motion for partial summary judgment, ECF No. 21, had gone well beyond the scope of Mr. Linder's claim and ordered EOUSA to supplement the record with a declaration addressing the FOIA request giving rise to this action. *See* June 11, 2018 Memorandum Opinion ("Mem. Op. I") at 1, 5-6, 8, ECF No. 31. EOUSA has filed a Response, ECF No. 33, demonstrating its entitlement to summary judgment. Mr. Linder has not complied with the July 3, 2018 order to respond to the supplemental filing by September 10, 2018. Accordingly, for the reasons explained below, the Court will grant EOUSA's motion and enter final judgment.[1]

---

[1] EOUSA moved for "partial" summary judgment based on its need to complete the processing

**I.**

The relevant history was set out previously, *see* Mem. Op. I at 2-4, and bears no repeating except as follows. In Request 2015-02765, submitted by letter of May 7, 2015, Mr. Linder sought the "Evidence Book" which he stated to be "[a]pproximately 120 pages." Decl. of Tricia Francis Ex. X, ECF No. 21-4 at 25. EOUSA originally informed Mr. Linder that the United States Attorney's Office for the Eastern District of Virginia had located "approximately 1,500 pages of potentially responsive records" but as the search was ongoing, it did not know "how many total responsive pages would be found." *Id.* Ex. Z. EOUSA estimated the duplication cost for the 1,500 pages to be $70.00, and asked Mr. Linder to agree to pay the fee or select another option set out in the letter. *Id.*

In a form signed on September 10, 2015, Mr. Linder checked the option stating: "Please do not search any longer. I understand that I am entitled to the first 100 pages free. If you have found releasable documents, send me the free documents and close my case." *Id*. Ex. AA. In an accompanying letter, Mr. Linder confirmed that he was asking EOUSA to "only include the first 100 pages." *Id*. EOUSA conveyed Mr. Linder's response to the FOIA officer at the United States Attorney's Office, who "provided EOUSA with only 502 pages of potentially responsive records to review," Second Declaration of Tricia Francis ("Supp. Francis Decl.") ¶ 5, ECF No. 33-1, "taken from the contents of the 4-inch 3-ring 'AUSA Exhibit Book' binder," Second Declaration of Cheryl Root ("Supp. Root Decl.") ¶ 10, ECF No. 33-2.

In February of last year, during the course of this litigation, EOUSA informed Mr. Linder that his request number 2015-02765 had been processed. EOUSA released in full 453 of 502

---

of Mr. Linder's "most recent FOIA request" in February 2017, Mot. for Partial Summ. J. at 1, which given the clarification of Mr. Linder's claim is no longer applicable.

responsive pages. It released the remaining 49 pages in part, withholding information under FOIA exemptions 6 and 7(C). Francis Decl. ¶ 57; Traverse to Resp't's Opp. to Pl.'s Mot. for Summ. J., ECF No. 30 at 22 (release letter).

Soon thereafter, EOUSA received a letter from Mr. Linder, stating: "The release looks to be the first half. When can I expect the second half of the evidence?" Francis Decl., Ex. BB, ECF No. 21-4 at 49. The record contains no reply to Mr. Linder's inquiry. Therefore, the Court deferred ruling on EOUSA's summary judgment motion pending a more fulsome explanation of its search for responsive records and claimed exemptions. Mem. Op. I at 1. Ms. Francis states that in the course of preparing the second declaration, she discovered that the information contained in the partially withheld 49 pages was released to Mr. Linder in April 2018, in response to another request. Supp. Francis Decl. ¶ 10. Accordingly, EOUSA re-released those pages to Mr. Linder in full in July 2018, *id*., Ex. A, thereby negating the exemption question.

## II.

An agency's disclosure obligations are triggered by its receipt of a request that "reasonably describes [the requested] records" and "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The "vast majority" of FOIA cases can be decided on motions for summary judgment, supported by an agency's non-conclusory declarations. *Brayton v. Office of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see* Mem. Op. I at 4-5 (discussing legal standard).

DOJ's FOIA regulations provide in relevant part:

> In cases in which a requester has been notified that the actual or estimated fees are in excess of $25.00, the request shall not be considered received and further work will not be completed until the requester commits in writing to pay the actual or estimated total fee, or designates some amount of fees the requester is willing to pay, or in the case of a noncommercial use requester who has not yet been provided with the requester's statutory entitlements, designates that the

requester seeks only that which can be provided by the statutory entitlements.[2] 28 C.F.R. § 16.10(e)(2).  Mr. Linder clearly chose the latter option.  In reply to EOUSA's fee letter, he requested that the search be discontinued, the 100 free pages be released, and the request be closed.  Francis Decl., Ex. AA.  Despite confirming this selection in an accompanying letter, he claimed to have already paid a duplication fee that would allow for further work on his request to be completed.  *Id.*  However, as the Court noted in its June 11, 2018 Opinion,  Mr. Linder paid these fees for separate FOIA requests made to EOUSA.  *See* Mem. Op. I at 6 n.4 (detailing the FOIA requests for which Mr. Linder has paid the required fees).

Mr. Linder's reply thus not only "limited the number of pages he would receive from EOUSA pursuant to this FOIA request," Supp. Francis Decl. ¶ 3, but ended EOUSA's obligation to continue searching for responsive records.  So EOUSA's full release of the pages Mr. Linder opted to receive by statutory right ends this matter.  For "once all the [requisite] documents are released to the requesting party, there no longer is any case or controversy."  *Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 34 (D.C. Cir. 2016).

---

[2]  Under section 16.10(d) of the regulation, noncommercial use requesters are entitled to the first 100 pages and the first two hours of search time for free.  In addition, no fee can be charged if thereafter the total fee "is $25.00 or less for any request," *id.*, which, as Ms. Root explains, was why EOUSA processed the additional 402 pages and released them to Mr. Linder also for free. *See* Supp. Root Decl. ¶ 10 n.4; Mem. Op. I at 6 (clarifying that Mr. Linder's undisputed payment of $70 was not for the instant request); *see also* Francis Decl., Ex. N, ECF No. 21-4 at 3-4 ($70.00 money order dated September 8, 2014; referencing multiple FOIA requests dated between 2010 and 2013).

## III.

For the reasons discussed above, EOUSA's motion for summary judgment is granted.

An order will issue separately.

Dated: September 19, 2018　　　　　　　　　　　　TREVOR N. MCFADDEN, U.S.D.J.